Charles S. McVeigh v. Commissioner.
Charles S. McVeigh v. Commissioner
Docket No. 221.
United States Tax Court
1945 Tax Ct. Memo LEXIS 340; 4 T.C.M. (CCH) 57; T.C.M. (RIA) 45023; January 18, 1945
*340 DISNEY
Order DISNEY, Judge: Petitioner having filed his motion for rehearing herein, the motion was set for hearing. Evidence in support of the motion was received and argument thereon was heard on November 8, 1944. Memorandum briefs on the motion have been filed by both parties. After due consideration and in accordance with memorandum sur order, this day issued, it is ORDERED: That the motion for rehearing be and the same is hereby denied. Memorandum Sur Order Upon the trial of this case there was placed in evidence a decree of a Surrogate's Court, dated September 26, 1941. We held it to be collusive and without effect. The petitioner has filed his motion for rehearing, in order that he may secure from such Surrogate's Court another decree. Proof has been made of the filing of petition in the Surrogate's Court and the setting of a date for briefs thereon. In support of the motion, we are cited, in particular, , and . The Blair case involved a judgment of a state court, dated prior to the opinion of the Board of Tax Appeals, and the question whether it prevented *341 application of principles of res judicata based upon an opinion of the Board in a former year. The court, in effect, held that there was no res judicata, since the judgment in the state court created a situation new since the former judgment, and not covered thereby. In the Eisenmenger case we promulgated our opinion on May 14, 1941; . On July 3, 1941, a state court entered judgment, construing a trust instrument involved, and on September 24, 1941, we granted a rehearing and later received evidence of the judgment of the state court, but held that it was non-adversary and declined to follow. The Circuit Court of Appeals for the Eighth Circuit reversed, holding the judgment of the state court to be conclusive. It thus appears that neither of the above citations is of assistance here, on the question as to whether we should grant a rehearing, except to indicate, in the Eisenmenger case, that under the circumstances therein we granted a rehearing upon being apprized of a state court judgment already entered. Here we are asked to grant a rehearing, not to receive a judgment of a state court already entered and presented to us, but to wait the outcome of an application *342 made since our opinion, for such a judgment. In addition, the Surrogate's decree now sought, for presentation to us, is the fourth decree from the same court, an original decree, of date July 25, 1941, covering a second accounting having been vacated and another entered on September 26, 1941. The proceeding in the Surrogate's Court is entitled, "Petition for Third Intermediate Accounting of Trustees and for Construction of Will." The decree of July 25, 1941, had construed the will contrary to the present contentions of the petitioner, as the record herein indicates the first had done; the decree of September 26, 1941, as above stated, treating the matter otherwise, we found to be collusive. Furthermore, the Surrogate's decree now being sought is upon a trustees' report for the period March 31, 1940, to May 4, 1944, whereas the two previous decrees had covered a period up to March 31, 1940, including the tax years herein in question, 1938 and 1939. The stipulation between the parties, presented to the Surrogate prior to the vacating of the first decree, of July 25, 1941, recited in part that: WHEREAS because of certain income tax questions which have arisen affecting the life beneficiary, *343 Charles Senff McVeigh, he desires that the account of the Trustees shall be restated, to which restatement the Trustees do not object. The remaindermen are the issue of the petitioner-life beneficiary, and by the terms of the will their rights are subject to his power to appoint among his issue "in such shares and proportions and subject to such trusts, limitations and conditions as he shall by his last Will and Testament duly executed limit and appoint;" in case of failure to appoint, they to take per stirpes. The principal issue of the case is whether the petitioner shall receive, as principal and nontaxable, from the testamentary trust set up by the will of Gustavia A. Senff, an amount equal to the excess of expenses over receipts, as to a certain property called "Knollwood"; or whether the same amount was received by him from the trustees as taxable income. The will had provided in general terms that he should receive for life the entire trust income after deduction of "all proper charges," but a particular provision set forth that in case petitioner requested the trustees to sell Knollwood (which he did) then any excess of Knollwood expense over Knollwood receipts "shall *344 be paid by my Trustees out of the principal of the Trust estate and shall not be a charge against the income thereof." Until December 1940, the excess was charged to principal, and the decree of July 25, 1941, so approved. The decree of September 26, 1941, charged the Knollwood excess expense against trust income, but allowed the trustees to pay petitioner an equal amount from trust corpus - which amount he herein contends is nontaxable. Should we grant rehearing under the circumstances herein presented? The record herein shows that the moving element in the application to set aside the Surrogate's decree of July 25, 1941, was petitioner's desire to escape income tax. Clearly, that element persists throughout the case. , has been considered by us to indicate that if parties join in submission of issues seeking a decision which would adversely affect the government's right to income, the local decree is not to be given effect. A real controversy is required. . We consider whether a judgment presented is collusive, adverse, and whether it is based on tax motive. . *345 The relationship between the petitioner as beneficiary and the remaindermen, his issue, among whom he has a power of appointment over the principal, the fact that the petitioner receives the same amount, whether as income or as principal, thus being interested only in taxability of the amount, the change of accounting methods to affect such taxability - are all circumstances which should enter into our consideration of request rehearing; for we are not merely presented with a judgment of a state court, but are asked to await another in a series of such decrees. The situation presented as to treatment of the amounts received, as income or principal, is in principle not without pertinent analogy to the idea of reallocation of income within an intimate family group involved in . What is bequest is a question of Federal law. ; see also . Though there are various cases affirming generally the right of a state court to determine conclusively questions of interpretation of wills, and questions whether trust income is distributable to a beneficiary, *346 we find upon examination that they involve actual determinations of property rights between parties with conflicting monetary interests. Here the financial result was the same in either event, and to both beneficiary and remaindermen, whether the petitioner received an amount equal to the excess Knollwood expense as corpus or as trust income. There was, in my opinion, an absence of that element of property rights which logically and legally causes the state court's decision to be giving binding effect here; and the real question was one of taxability of a certain amount of money. That question is one for our determination. Diversity of administration would otherwise be the result. , affirming . We are of opinion that a proper showing has not been made why, in the interests of justice or in accord with law, we should grant rehearing and await further developments in the state court. Order will therefore be entered denying the motion.